# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **EDWARD CHARLIP**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14 C 835 |
| | ) |
| **U.S. BANK NATIONAL ASSOCIATION**, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

This Court's brief February 10, 2014 memorandum order ("Order") directed pro se plaintiff Edward Charlip ("Charlip") to redo his 43-page, 307-paragraph Complaint because of its patent noncompliance with the Fed. R. Civ. P. ("Rule") 8(a)(2) requirement that a plaintiff's pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Now Charlip has returned with a First Amended Complaint with "only" 11 counts comprising "only" 153 paragraphs and occupying "only" 26-plus pages, all supplemented with five exhibits. Because that current filing has made it abundantly clear that federal subject matter jurisdiction is lacking, this sua sponte memorandum order addresses that threshold issue.

As stated in the preceding paragraph, Charlip has carved up his charges against (1) U.S. Bank National Association, (2) that same bank "as Trustee for CSFB ARMT 2005-6A and (3) Wells Fargo Bank, N.A. into 11 counts. All but one of those counts has been advanced solely under state law, with the putative federal claim asserted in Count 2 being captioned "Violation of 15 U.S.C. 1692(e)(2)(a) and 15 U.S.C. 1692(k)(a)." But what Charlip has missed entirely is that

the statute he cites applies <u>only</u> to debt collectors, a term that is limited to those who regularly collect or attempt to collect debts owed to others, not debts owed to them (see, e.g., <u>Neff v. Capital Acquisitions & Mgmt. Co.</u>, 352 F. 3d 1118, 1121-22 (7th Cir. 2003)). None of Charlip's targeted defendants is within the definition of that term as set out in 15 U.S.C. § 1692(a)(6).

Accordingly the purported federal hook on which Charlip attempts to hang his many state law claims is nonexistent. Hence this Court dismisses both the First Amended Complaint and this action for lack of federal subject matter jurisdiction -- a dismissal that is without prejudice to Charlip's ability to pursue his claims in a state court of competent jurisdiction (a subject on which this Court expresses no opinion).

_____
Milton I. Shadur
Senior United States District Judge

Date: February 25, 2014